



```
                            USDC SDNY
                            DOCUMENT
                            ELECTRONICALLY FILED
                            DOC #:
                            DATE FILED: 6/5/07
```

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

GABRIEL P. HARVIS
Assistant Corporation Counsel
Phone: (212) 788-1816
Fax: (212) 788-9776
gharvis@law.nyc.gov

June 1, 2007

**BY FAX**
Honorable Naomi R. Buchwald
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 2270
New York, New York 10007

```
RECEIVED IN CHAMBERS
OF NAOMI REICE BUCHWALD

     JUN - 4 2007

UNITED STATES DISTRICT JUDGE
```

Re: Andre Steadman v. City of New York, et al.
07 CV 3606 (NRB)(JCF)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendant City of New York in this matter. I write to respectfully request an enlargement of time from June 4, 2007 until August 10, 2007, for the defendant to answer or otherwise respond to the complaint. Plaintiff's counsel consents to this application.

      In the complaint, plaintiff alleges, *inter alia*, that on February 8, 2006, he was falsely arrested and subjected to excessive force by officers of the New York City Police Department. Plaintiff further alleges that the charges against him were ultimately dismissed.

      There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Therefore, this office will be forwarding to plaintiff for execution a release for his medical records. Defendant cannot obtain these records without the release, and without the records, defendant cannot properly assess this case or respond to the complaint. Additionally, as the complaint indicates that the charges against plaintiff were dismissed, this office will be forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, all official

*[Handwritten margin note: So ordered. No further adjournments. Naomi Reice Buchwald, USDJ 6/4/07]*

records concerning plaintiff's arrest and/or prosecution, including police records, are sealed. Defendant cannot obtain these records without the designation, and without the records, defendant cannot properly assess this case or respond to the complaint.

Second, defendant City of New York appears to have been served with process. However, upon information and belief, defendant Burns has not yet been served. The extension should allow time for plaintiff to serve defendant Burns with process and for this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent him. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request that defendants' time to answer or otherwise respond to the complaint be extended to August 10, 2007.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis (GH2772)
Assistant Corporation Counsel

cc: Tracie A. Sundack, Esq. (by Fax)

2